## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| LARRY M. GARDNER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TRIAD PRECISION PRODUCTS,<br>a domestic for-profit business,<br><br>　　　　Defendant. | )<br>)<br>)  CJ-2017-03631<br>)<br>)  Honorable Judge: Caroline Wall<br>)<br>)  DISTRICT COURT<br>)  FILED<br>)<br>)  SEP 1 3 2017<br>)<br>)  DON NEWBERRY, Court Clerk<br>)  STATE OF OKLA. TULSA COUNTY<br>)<br>)  ATTORNEY LIEN CLAIMED |

### PETITION

COMES NOW the Plaintiff, Larry M. Gardner, by and through his attorneys of record, Daniel E. Smolen and Lauren G. Lambright of SMOLEN, SMOLEN & ROYTMAN, PLLC, and brings this action against Defendant, Triad Precision Products, for violation of his constitutionally protected rights arising out of his employment and termination by said Defendant.

### PARTIES, JURISDICTION, AND VENUE

1.　　This is an action for damages and to secure protection of and to redress deprivation of rights secured by the Age Discriminating in Employment Act of 1967 as amended by 29 U.S.C. 621 et seq. ("ADEA"), the Americans with Disabilities Act of 2008 ("ADA") as amended by the ADA Amendments Act ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553, as well as the Oklahoma Anti-Discrimination Act ("OADA").

2.　　The Plaintiff is a resident of Oklahoma and resides in Tulsa County, Oklahoma. The Plaintiff was an at-will employee of the Defendant.

EXHIBIT 2

1

3. Defendant Triad Precision Products, a domestic business corporation doing business in Tulsa County, Oklahoma employees over fifteen (15) employees in Tulsa County, Oklahoma.

4. The injuries that are the subject of this dispute occurred in Tulsa County, Oklahoma.

5. This Court has jurisdiction and venue is proper in Tulsa County, State of Oklahoma.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff incorporates as if realleged all previous paragraphs.

7. Plaintiff began his employment with Defendant on or around March 5, 2005 as a Machine Operator.

8. Plaintiff was fifty-four (54) years old at the time of his wrongful discharge in 2016.

9. Plaintiff worked successfully as a Machine Operator since his employment began.

10. Plaintiff underwent shoulder surgery on or about August 26, 2015, and after retuning to work had to attend physical therapy. However, he was able to return to duty at work with a lifting restriction.

11. Plaintiff's disability impacted a major life activity, specifically lifting. However, with an accommodation he was able to successfully complete his job duties.

12. On or about December 2015, Plaintiff suffered a seizure at work and was hospitalized. Plaintiff returned to work with no additional restrictions, but Defendant began to scrutinize his work and his behavior in a way that was unprecedented in his previous eleven

(11) years of employment, as Defendant perceived Plaintiff as having a disability that interfered with his ability to work.

13. Defendant disciplined Plaintiff with a write-up over smoking in the building, although younger, non-disabled employees were not disciplined for the same behavior.

14. After eleven (11) years of successful employment, Plaintiff was suddenly told his performance was substandard.

15. Plaintiff was then wrongfully discharged on or around April 20, 2016, because Mr. Glen Atkinson, the company's Vice President, said it was taking Plaintiff too long to rehabilitate and recover from his surgery.

16. However, another substantially younger employee was able to take off a comparable amount of time from work due to stomach issues.

17. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). On October 27, 2016 Plaintiff signed a formal Charge of Discrimination with the EEOC.

18. A Notice of Suit Rights was mailed on or about June 14, 2017 and this Petition is being filed within ninety (90) days of receipt of this Notice of Suit Rights. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

19. Plaintiff was discharged as a result of his disability, as protected under the ADA as amended by the ADAAA, and as a result of his age, as protected under the ADEA

### FIRST CLAIM OF RELIEF
(Discrimination Based on Disability: ADAAA and
the Oklahoma Anti-Discrimination Act (25 Okla. Stat. § 1302)))

20. Plaintiff incorporates as if realleged the proceedings paragraphs.

21. The effect of the practices complained above has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability and/or the perception of his disability.

22. The Defendant's actions in subjecting Plaintiff to disparate treatment and wrongful discharge due to his disability, or perceived disability, is in violation of the ADA as amended by the ADA Amendments Act and the Oklahoma Anti-Discrimination Act (OADA) 25 Okla Stat. § 1302

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement;

b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for intentional and knowing acts of discrimination committed by the Defendant's management.

d. His attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

### SECOND CLAIM FOR RELIEF
(Disparate Treatment and Termination on the Basis of Age in Violation of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 621 et seq.) and the Oklahoma Anti-Discrimination Act (25 Okla. Stat. § 1302))

23. The preceding paragraphs are incorporated herein by reference.

24. The foregoing conduct violates the ADEA of 1967 as amended, 29 U.S.C. § 621 et seq, and the Oklahoma Anti-Discrimination Act (OADA) 25 Okla Stat. § 1302.

25. Plaintiff experienced disparate treatment compared to co-workers under the age of forty (40) with regard to discipline and termination in violation of the ADEA and the OADA.

26. Defendants' willful discriminatory practices have resulted in the loss of past and future wages and other job benefits.

27. Defendant committed the acts alleged with malice or reckless indifference to the protected rights of the Plaintiff. Plaintiff is thus entitled to recover liquidated damages in an amount to be determined by a jury.

28. Upon information and belief, Plaintiff's termination was motivated in substantial part by his age, in violation of the ADEA and the OADA.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

 a. Back pay and lost benefits; front pay until normal retirement;

 b. Liquidated damages for the willful intentional and knowing acts of discrimination committed by Defendants.

 c. Plaintiff's attorney fees and the costs and expense of this action;

 d. Such other relief as the Court deems just and equitable.

## CONCLUSION

WHEREFORE, based on the foregoing, the Plaintiff prays that this Court grant him the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, liquated damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits well as ground pay until normal retirement, reasonable attorney fees and costs, and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

*/s/ Lauren G. Lambright*
Daniel E. Smolen, OBA #19943
Lauren G. Lambright, OBA #22300
701 S. Cincinnati Ave
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 Fax
**Attorneys for Plaintiff**